1  W. Christian Krankemann, Esq. (CA Bar No. 220438)
   KRANKEMANN | PETERSEN LLP
2  Attorneys for Defendant/Counterclaimant, OptiRev, LLC
   420 E Street, Suite 100
3  Santa Rosa, California  95404
   Telephone:  (707) 524-2200
4  Facsimile:  (866) 858-0100
   wck@krankemann.com
5

6  Laura C. Rosenthal, Esq. (CA Bar No. 290442)
   BERNARD IP LAW, LLC
7  Attorneys for Plaintiff/Counterdefendant VinterActive, LLC
   c/o 703 Second Street, Suite 200
8  Santa Rosa, CA 95404
   Telephone: (707) 536-5261
9  Facsimile: (707) 528-3381

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14  VINTERACTIVE, LLC,                    Case No.: 3:15-cv-02903-SI

15          Plaintiff,                    **STIPULATED SETTLMENT**
                                          **AGREEMENT**
16      v.

17  OPTIREV, LLC,

18          Defendant.

19  _____

20  OPTIREV, LLC,

21          Counterclaimant,

22      v.

23  VINTERACTIVE, LLC,

24  Counterdefendant.

25  _____

26  / / /

27  / / /

28  / / /



IT IS SO ORDERED

Judge Susan Illston

-1-

1    Plaintiff/CounterdefendantVinterActive, LLC, (hereafter "Plaintiff") and

2    Defendant/Counterclaimant, OptiRev, LLC (hereafter "Defendant") hereafter collectively

3    referred to as the "Parties" or individually as the "Party" who, by and through their

4    undersigned counsel, state as follows:

5    WHEREAS, there is currently pending in the United States District Court, Northern

6    District of California, San Francisco Division, an action entitled *Vinteractive, LLC, v.*

7    *Optirev, LLC,* and docketed as Case No. 3:15-cv-02903-SI (the "Action").  The Action

8    involves Plaintiff's claims for alleged copyright infringement relating to unauthorized

9    copying of websites developed and owned by VinterActive, LLC, alleged unauthorized

10   access to a computer/system/server, alleged unauthorized copying and theft of computer

11   files, alleged passing-off of Plaintiff's websites as being developed by OptiRev, LLC, and

12   alleged unjust enrichment for failure to fully compensate VinterActive, LLC, for the

13   development of websites;

14   WHEREAS, on June 22, 2015, Plaintiff filed its Complaint for (1) Copyright

15   Infringement, 17 U.S.C. § 101; (2) Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3)

16   California Computer Crime Law, Cal. Penal Code § 502; (4) Cal. Bus. and Prof. Code §

17   14200; (5) Cal. Bus. and Prof. Code § 17200 (6) Cal. Trade Secrets Act; and (7) Unjust

18   Enrichment, alleging 23 causes of action total.  Defendant specifically denies all of

19   Plaintiff's allegations of wrongdoing;

20   WHEREAS, on August 7, 2015, OptiRev filed its affirmative defenses and

21   counterclaims.  Plaintiff specifically denies all of Defendant's allegations of wrongdoing;

22   WHEREAS, without admission by any party of any liability, and for the purpose of

23   compromise and settlement only, the Parties now wish to formally and forever resolve and

24   settle any and all claims, disputes and disagreements which exist, or which may exist,

25   between them which arise out of or are connected to the Action;

26   WHEREAS, the parties wish to resolve their dispute with respect to the use and

27   ownership of images and copy compiled for websites ("Website Materials") in copyright

28   applications and accompanying deposited materials filed by the Plaintiff.  The parties agree

STIPULATED SETTLEMENT AGREEMENT

1    that payment of the amount noted below and execution of this Agreement serve solely as

2    a settlement between the parties, and is not intended and does not constitute an admission

3    of copyright infringement or other wrongdoing by the Defendants, nor approval by Plaintiff

4    for the use of any third-party images or software contained therein.  In return for the

5    consideration given in this Agreement, Plaintiff agrees that the Website Materials, listed

6    below, may be utilized by the Defendant going forward.  This agreement does not constitute

7    permission to utilize any third –party images or software requiring licensing from other

8    sources contained in those materials.

9          WHEREAS, the Parties also wish to resolve their dispute regarding the originality of

10   the computer code written by Plaintiff for use with the Website Materials ("CSS Code"),

11   listed below, submitted in copyright applications and accompanying deposited materials

12   filed by the Plaintiff.  The Parties agree that the CSS Code Applications and the four

13   registered CSS Code copyrights shall remain the property of the Plaintiff, and shall not be

14   used by the Defendant without permission and appropriate licensing agreements.

15         WHEREAS, the Parties agree that this Agreement is intended to cover the entirety of

16   the Website Materials and the CSS Code, including the documents, text, graphics, images,

17   photographs, materials, trademarks, HTML code, CSS code, or any other programming

18   code, whether listed below or not, that Plaintiff and Defendant ever produced, collaborated

19   on, or otherwise worked on during their business relationship.  Furthermore, Plaintiff agrees

20   that this Agreement covers the entire scope of Website Materials and the CSS Code,

21   including the documents, text, graphics, images, photographs, materials, trademarks, HTML

22   code, CSS code, or any other programming code, whether listed below or not, that Plaintiff

23   and Defendant ever produced, collaborated on, or otherwise worked on during their

24   business relationship, that would allegedly give rise to any State or Federal action, including

25   but not limited to claims for alleged violations of copyright, trademark, or intellectual

26   property by Defendant, related to or arising out of the present Action.

27

28

STIPULATED SETTLEMENT AGREEMENT

**Website Materials:**

VinterActiveSFMotelCapry Website SR1-2427193080

VinterActivePresdioInn Website SR 1-2427134519 (Copyright Registered)

VinterActive Oakley ComfortSuites Website SR 1-2427192670

VinterActiveHostelSF Website SR-2427134590

VinterActiveGreenwichInn Website SR 1-2427192740

VinterActiveGearParkway Website DR 1-2427193010

VinterActiveBerkeleyRI Website SR 1-2427089401

VinterActiveBenbowinn Website SR 1-2427192940

VinterActiveOptiRev Website SR 1-2427192810


**CSS Code:**

VinterActiveSFMotelCapriCSS SR 1-2427193155 (Copyright Registered)

VinterActivePresdioInn SR-12427134555 (Copyright Registered)

VinterActive Oakley ComfortSuites CSS SR 1-2427192705 (Copyright Registered)

VinterActiveHostelSF CSS SR 1-2427192625 (Copyright Registered)

VinterActiveGreenwichInn CSS SR 1-2427192775

VinterActiveGearParkway CSS SR 1-2427193045

VinterActiveBerkeleyRI CSS SR 1-2427089508

VinterActiveBenbowinn CSS SR 1-2427192975 (Copyright Registered)

VinterActiveOptiRev CSS SR 1-2427192865


WHEREAS, the Parties intend that this Agreement shall constitute a complete settlement and compromise of the Action and all potential or actual claims of the Parties against each other based on or arising out of in whole or in part, the events alleged in the Complaint and/or which in any way constitute(d) part of this Action.  The Parties, having agreed upon the terms of a settlement in this action, set forth the essential terms of the agreement.  This Agreement shall constitute the mutual and final understanding between the

-4-

1   Parties with respect to the subject matter herein.

2       WHEREAS, Plaintiff and Defendant, through their authorized representatives, and

3   without any admission or adjudication of the issues of fact or law with respect to Plaintiff's

4   claims, have reached a settlement resolving the claims raised in Plaintiff's Complaintand

5   the Counterclaims raised in Defendant's Answer.

6       NOW, THEREFORE, for good and valuable consideration, the adequacy and

7   sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as

8   follows:

9   **AGREEMENT**

10      1.    Paragraphs A through D, inclusive, of the above Recitals are fully

11  incorporated herein and are true and correct.  These Recitals are intended and shall be

12  deemed and construed to be a material and integral portion of this Agreement.

13      2.    In consideration for the agreements and releases contained herein, Plaintiff

14  shall receive payment in the total sum of FIFTEEN THOUSAND DOLLARS ($15,000.00)

15  in full and final settlement of any and all claims which were or could have been asserted in

16  the Action, as well as all other Plaintiff's claims against the Defendant based on, or arising

17  out of, in whole or in part, the events alleged in the Complaint and/or which in any way

18  constitute(d) part of this Action.

19      The payment shall be structured as follows:

20          a.    $9,000, payable to Bryan St. Amant, as CEO and President of

21  VinterActive, LLC, and $6,000 payable to Laura C. Rosenthal, Attorney at Law, on behalf

22  of Bernard IP Law, LLC, within 20 days of the Execution of the Agreement.

23          b.    The Parties shall execute such documents as necessary and appropriate

24  to comply with the terms of the agreement.

25          c.    The Parties mutually agree that the facts and circumstances of this

26  Action and Agreement will remain confidential, with exceptions, as detailed in paragraph

27  28, below.

28      3.    Within five days of the final payment set forth in paragraph 2(b) above,

STIPULATED SETTLEMENT AGREEMENT

1    Plaintiff will cause its claims against Defendant to be dismissed, and Defendant will cause

2    its counterclaims against Plaintiff to be dismissed, with prejudice, by filing a jointly fully

3    executed Request for Dismissal with the court, so that each party can be provided with a

4    court-endorsed copy of the Request for Dismissal.

5         4.      Plaintiff agrees and represents that it shall not, at any time hereafter,

6    commence, maintain, or prosecute any action, suit, proceeding, investigation, complaint,

7    claim, grievance or charge with any court, administrative agency, arbitrator, or any other

8    body or person, whether Federal, State, contractual or otherwise, or aid or assist others in

9    prosecuting such action, suit, proceeding, investigation, complaint, claim, grievance, or

10   charge, except in response to governmental agency or court inquiries as compelled by legal

11   process, against Defendant, or the employees, officers, directors, insurers, attorneys, or

12   other representatives of this Defendant, based in whole or part upon, or arising out of or in

13   any way connected, in whole or in part, with the events alleged in the Complaint and/or

14   which in any way constitute(d) part of this Action.

15        5.      Defendant agrees and represents that it shall not, at any time hereafter,

16   commence, maintain, or prosecute any action, suit, proceeding, investigation, complaint,

17   claim, grievance or charge with any court, administrative agency, arbitrator, or any other

18   body or person, whether Federal, State, contractual or otherwise, or aid or assist others in

19   prosecuting such action, suit, proceeding, investigation, complaint, claim, grievance, or

20   charge, except in response to governmental agency or court inquiries as compelled by legal

21   process, against Plaintiff, or the employees, officers, directors, insurers, attorneys, or other

22   representatives of this Plaintiff, based in whole or part upon, or arising out of or in any way

23   connected, in whole or in part, with the events alleged in its counterclaims asserted in its

24   Answer to the Complaint and/or which in any way constitute(d) part of this Action.

25        6.      If any of the payments made under this Agreement result in tax consequences

26   for Plaintiff, then it shall be solely responsible for those tax consequences and for the

27   payment of any and all tax that may be due.  In no event will the dollar amount of the

28   settlement to be paid under this agreement be changed or increased as a result of any tax

STIPULATED SETTLEMENT AGREEMENT

1   consequence to any of the Parties.  Plaintiff agrees to indemnify and hold Defendant, its

2   attorneys, and their insurers harmless from any tax consequences to Plaintiff arising out of

3   the payments referred to in paragraph 2.  Plaintiff is not relying on any statement,

4   representation, or advice from Defendant, its attorneys, insurers, or representatives as to tax,

5   or any other, consequences of this Agreement.

6          7.       The Parties will bear their own attorneys' fees and costs incurred to date.

7          8.       In consideration of the mutual promises set forth in this Agreement, and

8   except for the obligations to be performed under this Agreement, the Parties absolutely,

9   fully and forever release, waive, relinquish, and discharge each of Parties and their

10  successors, assigns, heirs, executors, administrators, personal representatives, members,

11  agents, employees, representatives, attorneys, subsidiaries, affiliates, and each of them (the

12  "Released Parties"), of and from any and all manner of action or actions, cause or causes of

13  action, suits, debts, liabilities, demands, wages, sums of money in controversy, damages,

14  accounts, reckonings, and liens of every kind or nature whatsoever whether known,

15  suspected or unsuspected which it shall or may have, own or hold, which it at any time

16  heretofore had, owned or held, or could, shall or may hereafter own, or hold, by reason of,

17  arising out of, or in connection with any matter, cause or thing whatsoever, including

18  without limitation such matters which relate to or in any way arise out of, or could relate to

19  or arise out of the facts and circumstances of the business relationship between Plaintiff and

20  Defendant. Except as to the executory provisions of this Agreement, the parties each

21  acknowledge they are aware it is the intention of the parties hereto, as to which intention

22  each of the parties agree, that, upon execution by the parties, this Agreement shall be

23  effective as a full and final accord and satisfaction in settlement of and as a bar to any and

24  all Claims heretofore referred to and released which any party hereto has, may have in the

25  future, or has had against the other party hereto. In connection with such waiver and

26  relinquishment, the parties hereto acknowledge that each is aware that it, or its attorneys,

27  may hereafter discover facts different from or in addition to facts now known or believed

28  true with respect to the subject matter of this Agreement, but that it is each parties' intention

STIPULATED SETTLEMENT AGREEMENT

1  hereby to fully, finally, absolutely and forever settle any and all Claims  referred to which

2  do now exist, may exist or have existed between any of the parties to this Agreement, and

3  that, in furtherance of such intention, the Releases given shall be and remain in effect as full

4  and complete Releases, notwithstanding the discovery of any such different or additional

5  facts. Each of the parties does hereby waive and relinquish all rights and benefits each has

6  or may have under any unknown or future Claim to the fullest extent that each may lawfully

7  waive such rights and benefits pertaining to the subject matter of this Agreement, and

8  acknowledges that this waiver is a material inducement to the other party's execution of the

9  Agreement.

10      9.      Plaintiff expressly waives all rights it has or may have under California

11  Business and Professions Code section 6149.5, which requires that a copy of the cover letter

12  accompanying the settlement funds paid as described in this release be sent to Plaintiff.

13  Plaintiff authorizes and directs that the settlement monies to be paid as described in this

14  release be sent/delivered as described in paragraph 2(a), above, on Plaintiff's behalf.

15      10.     The Parties each waive the right to recover any attorneys' fees, costs of suit,

16  or any other expenses incurred by either party in pursuing or defending the claims in this

17  action. Should such lien claims arise related to this Action against the Plaintiff's settlement

18  proceeds provided by the Defendant, the Plaintiff agrees to resolve, litigate, or settle those

19  without further action against the Defendant, its attorneys, or its insurers.

20      11.     The Parties acknowledge that there is a risk that subsequent to the execution

21  of this Agreement, the Parties may discover, incur, or suffer claims which were unknown or

22  unanticipated at the time this Agreement is executed, including, without limitation,

23  unknown or unanticipated claims which arise from, are based upon, or are related to the

24  Action or some aspect thereof, which if known by the Parties on the date of this Agreement

25  being executed, may have materially affected the Parties' decision to execute this

26  Agreement.  The Parties expressly assume the risk of such unknown and unanticipated

27  claims and agree that the releases provided by this Agreement apply to all such claims.

28      12.     With respect to the mutual releases described above, the Parties acknowledge

-8-

STIPULATED SETTLEMENT AGREEMENT

1  that they are familiar with section 1542 of the California Civil Code which provides as

2  follows:

**A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE CREDITOR DOES NOT KNOW
OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME
OF EXECUTING THE RELEASE, WHICH IF KNOWN
BY HIM MUST HAVE MATERIALLY AFFECTED HIS
SETTLEMENT WITH THE DEBTOR.**

6      The Parties waive and relinquish any right or benefit which they have, or may have,

7  under California Civil Code section 1542 regarding all matters arising out of or in any way

8  connected with this Action and Plaintiff's claims, and as set forth in the Lawsuit.

9      The Parties understand and acknowledge that the significance and consequence of

10  this waiver of section 1542 of the California Civil Code is that even if they should

11  eventually suffer any additional damages arising out of the acts or omissions giving rise to

12  this Action, they will not be permitted to make any claim against each other.

13      The Parties indicate that they have read and understand the above waiver of the

14  provisions of California Civil Code section 1542 by initialing here:

15

16  _____               _____

17      Rene Byck                              Bryan St. Amant

18  _____

19      Holly Michalek

20      13.    As a condition of this Agreement, each of the Parties represents and warrants

21  that there has been no actual assignment or purported assignment or other transfer of any

22  claim or other matter or any interest which is being released by this Agreement.  Further,

23  each of the Parties represent and warrant that they are sole owners and real parties in

24  interest regarding the claims and further matters being released in this Agreement.

25      14.    Defendants have defended and denied the claims made by Plaintiff, and

26  Plaintiff has defended and denied the counterclaims made by the Defendants, and this

27  Agreement is entered into with the understanding that it is the result of a compromise of

28  disputed claims and shall never at any time for any purpose be considered an admission of

unknown or unanticipated claims which arise from, are based upon, or are related to the Action or some aspect thereof, which if known by the Parties on the date of this Agreement being executed, may have materially affected the Parties' decision to execute this Agreement. The Parties expressly assume the risk of such unknown and unanticipated claims and agree that the releases provided by this Agreement apply to all such claims.

12.     With respect to the mutual releases described above, the Parties acknowledge that they are familiar with section 1542 of the California Civil Code which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

The Parties waive and relinquish any right or benefit which they have, or may have, under California Civil Code section 1542 regarding all matters arising out of or in any way connected with this Action and Plaintiff's claims, and as set forth in the Lawsuit.

The Parties understand and acknowledge that the significance and consequence of this waiver of section 1542 of the California Civil Code is that even if they should eventually suffer any additional damages arising out of the acts or omissions giving rise to this Action, they will not be permitted to make any claim against each other.

The Parties indicate that they have read and understand the above waiver of the provisions of California Civil Code section 1542 by initialing here:

_____                    _____

Rene Byck                                               Bryan St. Amant

_____

Holly Michalek

13.     As a condition of this Agreement, each of the Parties represents and warrants that there has been no actual assignment or purported assignment or other transfer of any

1    the truth of any of the allegations, claims, or contentions made by any Party against any

2    other Party.  The Parties further warrant that this Agreement has been entered into in good

3    faith for the purpose of resolving such disputed and uncertain claims.

4           15.    The Parties hereby acknowledge, agree and stipulate that each has the right to

5    enforce any provision of this Agreement by filing any appropriate action, proceeding or

6    motion including, without limitation, a motion pursuant to California Code of Civil

7    Procedure section 664.6 or analogous federal law in the appropriate department of the

8    United States District Court, Northern District of California, San Francisco Division, where

9    the action is venued.  Notwithstanding the dismissal of this action, however, the Parties

10   further acknowledge, agree, and stipulate that the Court in the Action shall retain

11   jurisdiction to oversee compliance with the terms of this Agreement, reopen the Action after

12   they, or their claims, are dismissed, and to hear any motion brought pursuant to Code of

13   Civil Procedure section 664.6 or analogous federal law.  (See *Kokkonen v. Guardian Life*

14   *Ins. Co. of Am.*, 511 U.S. 375 (1994)).  Furthermore, the Parties will request that the Court

15   Order closing the case embody the settlement agreement and retain jurisdiction over the

16   settlement agreement pursuant to the above.  To the extent that any party to this Agreement

17   must file any part of this Agreement with the Court, any party filing a motion to enforce the

18   Agreement shall only file that portion of this Agreement that is necessary to enforce the

19   Agreement.

20          16.    Each of the Parties has obtained and utilized the advice of independent legal

21   counsel with regard to this Agreement, and each of the Parties has read this Agreement and

22   is fully aware of and understands its contents.

23          17.    Each of the Parties represents and warrants that that party has had this

24   Agreement explained and described to that party in a language and in terms that are

25   understandable, and that they understand that this is a full and complete release.

26          18.    Each of the Parties to this Agreement warrants that no promise or inducement

27   has been made or offered by any of the Parties hereto except as set forth herein and that this

28   Agreement is not executed in reliance upon any statement or representation of any of the

1 parties hereto or their representatives concerning the nature and extent of the injuries,
2 damages, or legal liability thereof.

3       19.    This Agreement may be executed in any number of original counterparts.
4 Any such counterpart, when executed, shall constitute an original of this Agreement, and all
5 the counterparts together shall constitute one and the same Agreement.  However, this
6 Agreement will not be deemed effective until each Party has executed at least one original
7 counterpart of the Agreement.

8       20.    No waiver, modification, or amendment of any term, condition or provision of
9 this Agreement shall be valid or have any force or effect, unless made in writing and signed
10 by all the Parties.

11       21.    This Agreement shall, in all respects, be interpreted, enforced and governed
12 by and under federal law, and to the extent that federal law may not be applicable then
13 under the laws of the State of California (see Paragraph 14 above), excluding its conflict of
14 law rules.

15       22.    This Agreement (after full execution and delivery) memorializes and
16 constitutes the entire agreement and understanding between the Parties and supersedes and
17 replaces all prior negotiations, proposed agreements, and agreements, whether written or
18 unwritten.

19       23.    This Agreement is and shall be binding upon and shall inure to the benefit of
20 predecessors, subsidiaries, successors, assigns, parties, agents, officers, employees,
21 associates, legal representatives, heirs, insurers, executives, and/or administrators of each of
22 the parties to the Agreement.

23       24.    Each and every provision of the Agreement is severable from each and all of
24 the other provisions of the Agreement.  In the event that any provision of the Agreement is
25 found by the Court to be invalid or unenforceable, the remaining provisions of the
26 Agreement shall nonetheless remain in full force and effect.

27       25.    This Agreement is the result of arm's length negotiations.  The Parties
28 acknowledge that (1) this Agreement and its reduction to final form is the result of

STIPULATED SETTLEMENT AGREEMENT

1    extensive good faith negotiations between the parties to it; (2) the Parties have carefully

2    reviewed and examined this Agreement for execution; and (3) any statute or rule of

3    construction that ambiguities are to be resolved against the drafting party should not be

4    employed in the interpretation of this Agreement.

5          26.    The Parties agree that part of the consideration for this Agreement is that the

6    Parties shall not publicly disparage or make any public statement adverse to the other Party

7    or to any of their respective properties or interests, or otherwise take any action which could

8    reasonably be expected to adversely affect the other Party's reputation or public image, or

9    assist any third party in so doing.  For purposes of this Agreement, the term "disparage" and

10   "disparaging" shall mean derogatory statements, whether written (paper or electronic

11   format) or oral, regarding the other Party, including but not limited to this Agreement,

12   business, client(s), product(s), service(s), or operations, and the like.  The Parties agree and

13   acknowledge that this non-disparagement provision is a material term of this Agreement,

14   the absence of which would have resulted in one or both Parties not entering into this

15   Agreement.

16         27.    This Agreement may be used by any one or more of the Parties as a full and

17   complete defense to, and the parties hereby consent that it may be used as the basis for an

18   injunction against, any action, suit, or proceeding based on any claim released by this

19   Agreement as to any one or of the Parties.

20         28.    If litigation or any other legal proceeding is instituted to interpret or enforce

21   this Agreement, the Agreement will be construed as if all parties to this Agreement drafted

22   the same. This Agreement may be introduced as evidence and attached to a pleading in any

23   such action.  The party prevailing in such litigation shall be entitled to reasonable attorneys'

24   fees incurred in addition to any other relief granted.  The Court shall retain jurisdiction over

25   the Action to enforce this Agreement.

26         29.    As a consideration and part of this Agreement, the Parties, their heirs,

27   executors, administrators, attorneys and agents, spouses and assigns or representatives of

28   any kind, agree that from the Execution of this Agreement and thereafter, to keep the terms

of this Agreement, including, but not limited to, the settlement amount, the terms and conditions of this Agreement, and the negotiations leading to it, including any previously unknown information learned therein about the Parties, confidential, and not to divulge the contents of this Agreement, nor the settlement amount, to any person or entity. The Parties agree that no disclosure or statement shall be made to third parties concerning the outcome of the Action, other than stating that the Action was settled, and the terms are confidential, with the exception of any required disclosure (1) for tax purposes or by any government or administrative laws, statutes, or regulations; (2) as necessary to enforce the terms of Agreement; (3) by the court or any other legal proceeding; and (4) to the attorneys or representatives for the Parties in this action.

Furthermore, the Parties, their heirs, executors, administrators, attorneys and agents, spouses and assigns or representatives of any kind, including any court reporting services, agree that from the Execution of this Agreement and thereafter, to keep this entire matter, including, but not limited to, all documents, communications of any kind, written discovery, document production, deposition transcripts and all exhibits thereto, if any, confidential, and not to divulge their contents to any person or entity with the following exceptions (1) for tax purposes or as required by any government or administrative laws, statutes, or regulations; (2) as necessary to enforce the terms of Agreement or Stipulated Judgment; (3) to the court or as required by any other legal proceeding; or (4) to the attorneys or representatives for the Parties in this action.

30.     The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

**THE PARTIES HEREBY WARRANT THAT THEY HAVE READ THIS STIPULATED SETTLEMENT AGREEMENT IN ITS ENTIRETY AND FULLY UNDERSTAND AND APPRECIATE ITS TERMS AND THEIR CONSEQUENCES. ADDITIONALLY, THIS AGREEMENT HAS NOT BEEN EXECUTED BY ANY OF THE PARTIES BY REASON OF ANY UNDUE INFLUENCE, FRAUD, OR DURESS.**

**AGREED TO:**

injunction against, any action, suit, or proceeding based on any claim released by this Agreement as to any one or of the Parties.

28. If litigation or any other legal proceeding is instituted to interpret or enforce this Agreement, the Agreement will be construed as if all parties to this Agreement drafted the same. This Agreement may be introduced as evidence and attached to a pleading in any such action. The party prevailing in such litigation shall be entitled to reasonable attorneys' fees incurred in addition to any other relief granted. The Court shall retain jurisdiction over

the Action to enforce this Agreement.

29. As a consideration and part of this Agreement, the Parties, their heirs, executors, administrators, attorneys and agents, spouses and assigns or representatives of any kind, agree that from the Execution of this Agreement and thereafter, to keep the terms of this Agreement, including, but not limited to, the settlement amount, the terms and conditions of this Agreement, and the negotiations leading to it, including any previously unknown information learned therein about the Parties, confidential, and not to divulge the contents of this Agreement, nor the settlement amount, to any person or entity. The Parties agree that no disclosure or statement shall be made to third parties concerning the outcome of the Action, other than stating that the Action was settled, and the terms are confidential, with the exception of any required disclosure (1) for tax purposes or by any government or administrative laws, statutes, or regulations; (2) as necessary to enforce the terms of Agreement; (3) by the court or any other legal proceeding; and (4) to the attorneys or representatives for the Parties in this action.

Furthermore, the Parties, their heirs, executors, administrators, attorneys and agents, spouses and assigns or representatives of any kind, including any court reporting services, agree that from the Execution of this Agreement and thereafter, to keep this entire matter, including, but not limited to, all documents, communications of any kind, written discovery, document production, deposition transcripts and all exhibits thereto, if any, confidential, and not to divulge their contents to any person or entity with the following exceptions (1) for tax purposes or as required by any government or administrative laws, statutes, or regulations; (2) as necessary to enforce the terms of Agreement or Stipulated Judgment; (3) to the court or as required by any other legal proceeding; or (4) to the attorneys or representatives for the Parties in this action.

30. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.


**THE PARTIES HEREBY WARRANT THAT THEY HAVE READ THIS STIPULATED SETTLEMENT AGREEMENT IN ITS ENTIRETY AND FULLY UNDERSTAND AND APPRECIATE ITS TERMS AND THEIR CONSEQUENCES. ADDITIONALLY, THIS AGREEMENT HAS NOT BEEN EXECUTED BY ANY OF THE PARTIES BY REASON OF ANY UNDUE INFLUENCE, FRAUD, ORDURESS.**


**AGREED TO:**

Dated:        March 28, 2017

_____
Rene Byck
CFO for Defendant/Counterclaimant
OptiRev, LLC

Dated:      March 2 $\&$, 2017

_____
 Holly Michalek-Byck
 CEO for Plaintiff/Counterdefendant
 OptiRev, LLC

Dated:      March ___, 2017

_____
 Bryan St. Amant
 CEO for Plaintiff/Counterdefendant
 VinterActive, LLC

**APPROVED AS TO FORM:**

Dated:      March ___, 2017              KRANKEMANN | PETERSEN LLP

_____
 W. Christian Krankemann
 Attorneys for Defendant/Counterclaimant
 OptiRev, LLC

Dated:      March ___, 2017              BERNARD IP LAW, LLC

_____
 Laura C. Rosenthal
 Attorneys for Plaintiff/Counterdefendant
 VinterActive, LLC

-14-

**STIPULATED SETTLEMENT AGREEMENT**

regulations; (2) as necessary to enforce the terms of Agreement or Stipulated Judgment; (3) to the court or as required by any other legal proceeding; or (4) to the attorneys or representatives for the Parties in this action.

      30.    The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

**THE PARTIES HEREBY WARRANT THAT THEY HAVE READ THIS STIPULATED SETTLEMENT AGREEMENT IN ITS ENTIRETY AND FULLY UNDERSTAND AND APPRECIATE ITS TERMS AND THEIR CONSEQUENCES. ADDITIONALLY, THIS AGREEMENT HAS NOT BEEN EXECUTED BY ANY OF THE PARTIES BY REASON OF ANY UNDUE INFLUENCE, FRAUD, ORDURESS.**

**AGREED TO:**

Dated: March ___, 2017

_____
Rene Byck
CFO for Defendant/Counterclaimant
OptiRev, LLC

Dated: March ___, 2017

_____
Holly Michalek-Byck
CEO for Plaintiff/Counterdefendant
VinterActive, LLC

Dated: March 28, 2017

_____
Bryan St. Amant
CEO for Plaintiff/Counterdefendant
VinterActive, LLC

**APPROVED AS TO FORM:**

Dated: March ___, 2017            KRANKEMANN | PETERSEN LLP

-14-

1

2

3   W. Christian Krankemann
    Attorneys for Defendant/Counterclaimant
    OptiRev, LLC

4

5

6   Dated: March _28_, 2017                    BERNARD IP LAW, LLC

7

8   Laura C. Rosenthal
    Attorneys for Plaintiff/Counterdefendant
9   VinterActive, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

STIPULATED SETTLEMENT AGREEMENT